**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| RUFUS WELSHEIMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NORTHSTAR LOCATION SERVICES, | ) |
| LLC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the plaintiff, RUFUS WELSHEIMER, by and through his attorneys, SMITHMARCO, P.C., and for his Complaint against the defendant, NORTHSTAR LOCATION SERVICES, LLC., the plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.    This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2.    Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.    RUFUS WELSHEIMER, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Kalamazoo, County of Kalamazoo, State of Michigan.

5.    Upon information and belief, the debt that Plaintiff allegedly owed was for the personal use of Plaintiff and/or used for household expenditure.

6.      At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.      NORTHSTAR LOCATION SERVICES, LLC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Michigan.  Defendant is registered as a limited liability company in the State of New York.

8.      The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9.      Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10.     During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11.     At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12.     At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.   ALLEGATIONS

13.     On or about March 14, 2014, Defendant initiated a telephone call to Plaintiff's parents home.

14.     During the course of the aforementioned telephone call, Defendant utilized a pre-recorded message that did not that it  was calling to confirm or correct location information.

15.     During the course of the aforementioned telephone call, Defendant's representative disclosed the name of Defendant despite not being expressly requested to do so.

16.     During the course of the aforementioned voicemail message, Defendant disclosed that it was a debt collector and that Plaintiff owed a debt.

17.     Plaintiff's parents did not request that he be contacted by Defendant.

18.     Plaintiff did not consent to Defendant contacting third parties.

19.     Plaintiff's parents outgoing voicemail message does not identify Plaintiff by name such that any caller could reasonably conclude that only Plaintiff will be listening to voicemail messages.

20.     Plaintiff's parents heard the voicemail message left by Defendant.

21.     Plaintiff did not consent to Defendant communicating with person(s) other than Plaintiff.

22.     Defendant knew or reasonably could anticipate that person(s) other than Plaintiff may hear the message it left for Plaintiff.

23.     Defendant again made telephone calls to Plaintiff's parents with an automated message on or about March 15, 2014, March 22, 2014, March 26, 2014, March 28, 2014, and April 1, 2014.

24.     Defendant did not reasonably believe that location information provided by Plaintiff's parents was incomplete or erroneous or that Plaintiff's parents had more complete information as to Plaintiff's location.

25.     In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

      a.  Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and identified his

employer without the express request of the consumer in violation of 15 U.S.C. §1692b(1);

b. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

c. Communicated with any person other than the consumer more than once without authorization from the consumer and without a reasonable belief that the earlier response from said person as to the consumer's location was erroneous or incomplete in violation of 15 U.S.C. §1692b(3);

d. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

26.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.     JURY DEMAND

27.     Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RUFUS WELSHEIMER, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a.     All actual compensatory damages suffered;

b.     Statutory damages of $1,000.00;

c.     Plaintiff's attorneys' fees and costs;

d.     Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**RUFUS WELSHEIMER**


By:    s/ Larry P. Smith
        Attorney for Plaintiff

Dated: May 13, 2014

Larry P. Smith (Atty. No.: 6217162)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:   (312) 324-3532
Facsimile:    (888) 418-1277
E-Mail:       lsmith@smithmarco.com